UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL JAMES CAMPBELL,  )
                         )
        Plaintiff,       )
                         )
v.                       )         No.:   2:18-CV-85-KAC-CRW
                         )
JAMES KNIPPER, et al.,   )
                         )
        Defendants.      )

## ORDER DISMISSING CASE

After repeated warnings and multiple opportunities, the Court dismisses this three-year-old

action under Federal Rule of Civil Procedure 41(b) for a failure to comply with a Court order and

failure to prosecute. Plaintiff initially filed this pro se action on May 31, 2018 [Doc. 1]. The

Complaint included twenty-three (23) defendants, but only three (3) defendants remain in the

case—Mickey Zimmerman, Joanne Klepper, and "Custody Rights Guardian of Mason

Zimmerman" (collectively the "Remaining Defendants"). Each of the Remaining Defendants is

also proceeding pro so. From 2018 to July 2021, Plaintiff failed to substantively advance his

claims against the Remaining Defendants. In light of this deficiency, the Court ordered Plaintiff

to show cause why the action should not be dismissed for a failure to prosecute [Doc. 66]. Plaintiff

filed a circuitous response to the Order to Show Cause indicating that he intended to proceed

against the Remaining Defendants [*See* Doc. 67].

Giving Plaintiff one last chance, the Court entered a Scheduling Order which set forth clear

deadlines for the Parties to follow to advance this case [Doc. 68]. The Court admonished the

Parties about the age of the case, about a pro se party's duty "to monitor the progress of the case,

and to prosecute or defend the action diligently," and about the Court's duty to ensure that cases

do not languish on its docket [*Id.*]. The Court explicitly warned that a "failure to comply with the deadlines set forth in this Order will be grounds for this Court to dismiss the case for a failure to prosecute" pursuant to Federal Rule of Civil Procedure 41(b) [*Id.*].

Plaintiff has not complied with the Court's Scheduling Order. To date, Plaintiff has failed to meet two separate and distinct mandates in the Order. Although Plaintiff has filed documents with the Court, those documents are not responsive to the directive and requirements in the Court's Order [*See* Docs. 69, 70]. Nor are the filings coherent in the context of the case [*See Id.*].

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Moreover, Local Rule 83.13 provides that a pro se party must "prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. The Sixth Circuit has provided:

> [w]hen contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

On this record, the Court is compelled to dismiss Plaintiff's action. Plaintiff has willfully and repeatedly failed to comply with the Court's Scheduling Order. And he has failed to prosecute this action. The Remaining Defendants have been subject to this lawsuit for approximately three (3) years with little to no substantive movement. The Court expressly warned Plaintiff that failure to comply with the Court's Scheduling Order "will be grounds for this Court to dismiss the case for a failure to prosecute" [Doc. 68.] And the Court has previously warned Plaintiff that a failure

2

to prosecute or comply with a Court Order will result in dismissal of this action [*See* Doc. 30; Doc. 34; Doc. 36; Doc. 42; Doc. 46; Doc. 51; Doc. 64; Doc. 66; Doc. 68]. Given Plaintiff's multiple failures, a less drastic sanction is not appropriate. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962) (affirming the *sua sponte* dismissal of a complaint where plaintiff's counsel had a history of delay in the case).

Accordingly, the Court **DISMISSES** this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

3